Daniels, J.
The action was commenced by the testator himself, who departed this life after the service of the notice of appeal, and his executors were then substituted in his place as plaintiffs. He prosecuted the suit, as the complaint was finally amended to recover the possession of seventy-three mortgage bonds of the Jefferson, Madison and Indianapolis Railroad Company, of the denomination of one thousand dollars each, and twenty mortgage bonds of like denomination of the Indianapolis, Bloomington and Western Railroad Company, and the evidence given upon the trial was such as to prove his title to these bonds.
They were delivered by him on the 13th of April, 1874, to Capron & Merriam to be held as margins on his individual stock transactions. Capron & Merriam were at that time customers of the defendant, and delivered these bonds to the defendant as security for its certified checks, used by them in the course of their business. They failed on the same day, indebted to the bank in the sum of $72,000. ' On the 20th of May, 1879, notice was given of the sale of the securities held by the bank for the indebtedness of Capron & Merriam, which was served upon the testator He thereupon demanded these bonds of the bank but they were *364 not delivered to him and a sale of the Jefferson, Madison and Indianapolis bonds was made, pursuant to the notice on the 28th of May, 1879.
The evidence tended to prove the fact to be that the testator was not indebted to Capron & Merriam at the time when the bonds were delivered by him to them, but that they were intended to supply margins on future transactions. And Capron & Merriam without his knowledge, or authority transferred the bonds to the defendant, as security for advances to be made by it to him. And as. these bonds are assumed to have been negotiable by delivery, the bank could legally acquire them in that manner and hold them for any advance made to Capron &. Merriam on their faith and security.
And evidence was given on behalf of the defendant directly tending to establish the fact that the bonds had been received and advances made upon them by certifying the. checks of Capron & Merriam on their faith and security. But whether any indebtedness remained in favor of the defendant against the pledgors of the bonds at the time-when the action was commenced was a fact which was. controverted by the testator. On his part it is to be inferred from the course of the trial, that he insisted that no-indebtedness remained for which the defendant was legally entitled to withhold the bonds from him. And if that position was true as a matter of fact, then the plaintiff was-entitled to maintain this action, for all the law required for that purpose was that he should prove that the bonds were his property, as he in fact did, and that the defendant had no legal right to withhold them from him. If it had that right,. it was because of the fact that its indebtedness-created on the faith of the bonds had not been paid, and that the testator was entitled to controvert and disprove to-maintain his right to recover the bonds. For that purpose-it was proposed to show the state of the accounts from the-defendants books, between itself and these pledgors, but. that was not allowed in consequence of the objections made-by the defendants to this character of proof. Why this, proof should have been rejected does not clearly appear from the case, for whatever entries might be contained in the defendants books pertinent to the plaintiffs case, would be evidence against it.
After the omission to produce the books, the counsel fertile testator proposed to prove an account which had been received by him, probably for the same object, although that was not expressly disclosed by the question which was. rejected. But it was not rejected on account of any insufficiency or defects in the" question itself, but upon a general objection, from which-it may be inferred that the account- *365 handed to the testator as a witness was an account with the defendant itself. This inference is strengthened by the view which the court adopted in the disposition of the action, and that is, that it should have been brought on the equity side of the court, and that Capron & Merriam should have been made parties, and an accounting gone into and the rights of the parties established in that manner. But it was not necessary in the form in which the action was prosecuted that such an accounting should take place.
What was necessary to maintain the action was proof that the debt of Gapron & Merriam, on the pledge of these securities, had been extinguished and satisfied before the demand made for them, or the sale of the bonds which were sold, actually took place. And that proof could be given as well between the parties to the action as it could if Capron & Merriam had been joined as defendants. Their presence was not essential for that object. The bonds belonged to the plaintiff. Capron & Merriam had no title to them. And if he could prove that the defendant had been reimbursed in any manner for its advances upon the bonds he was entitled to recover them, or their value, in this action. If such proof had" been made, then the defendant would have been a wrongdoer in withholding the bonds from him, and he would have been entitled to a judgment for their recovery. It was proved that the sum of $211,263.50 stood to the credit of Capron &. Merriam on the 18th of April, 1814, and that rectified the ruling rejecting previous questions propounded by the counsel for the plaintiff. But the fact still remained that the court considered the action incapable of being maintained in the form in which it had been prosecuted, and for that reason excluded evidence of the account produced on the part of the plaintiff and dismissed his complaint. This was an erroneous view to be taken of the case, and for its correction the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.
Beady, J., concurs.